20-1527
Fang v. Garland

BIA
Poczter, IJ
A088 347 494

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-two.

PRESENT:
>       DEBRA ANN LIVINGSTON,
>            *Chief Judge,*
>       WILLIAM J. NARDINI,
>       EUNICE C. LEE,
>            *Circuit Judges.*

_____

JIAN ZHOU FANG,
>       *Petitioner,*

>       v.                                     20-1527
>                                              NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:                Robert Tsigler, Law Offices of
                               Robert Tsigler, PLLC, New York,
                               NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michelle Y.F. Sarko, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Jian Zhou Fang, a native and citizen of the People's Republic of China, seeks review of an April 22, 2020, decision of the BIA affirming a June 18, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Zhou Fang,* No. A 088-347-494 (B.I.A. Apr. 22, 2020), *aff'g* No. A 088-347-494 (Immig. Ct. N.Y.C. June 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under a substantial evidence

2

standard, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's fact-finding as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the agency's determination that Fang was not credible as to his claim that he and his family were persecuted for practicing

3

Christianity.

The agency reasonably relied on multiple inconsistencies in Fang's statements and between his statements and other evidence. The record reveals inconsistent testimony regarding the year Fang began practicing Christianity, the number of times his father has been arrested, whether his younger brother was arrested, whether his mother was still required to report regularly to the police following her arrest for attending an unregistered church, and whether the police came looking for Fang at his mother's house as recently as a month prior to his merits hearing in 2018. The agency was not required to accept Fang's explanations for these inconsistencies because they either did not resolve the discrepancies or were based on unsupported allegations of translation error. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The inconsistencies provide substantial evidence for the adverse credibility

4

determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

The adverse credibility determination is dispositive of Fang's claims for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative grounds for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule, courts and agencies are not required to make findings on issues . . . unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court